Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DECKERS OUTDOOR CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br> v. <br><br> ZW SHOES, INC., a California Corporation doing business as Z WORLD, INC.; BILL ZHANG, an individual; and DOES 1-10, inclusive, <br><br> Defendants. | ) CASE NO. CV 14-207-GW(JCx) <br> ) <br> ) **ORDER RE CONSENT JUDGMENT** <br> ) **INCLUDING PERMANENT** <br> ) **INJUNCTION AND VOLUNTARY** <br> ) **DISMISSAL OF ACTION WITH** <br> ) **PREJUDICE** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|---|---|

**WHEREAS Deckers Outdoor Corporation** has filed a Complaint in this action charging **Defendants ZW Shoes , doing business as Z World, Inc.**, and **Bill Zhang** (collectively "Defendants") with Trade Dress Infringement, False Designations of Origin, Unfair Competition, and Patent Infringement arising from Defendants' manufacture, distribution, promotion, advertisement, offering for sale, and/or sale of footwear, the designs of which Deckers has alleged infringe upon its Bailey Button Boot Trade Dress (defined below) and Bailey Button Design Patents (defined below), which are identified by Style Names "**BT-22**" and "**BT-23**" (hereinafter "Disputed Products") and shown below:



WHEREAS, Deckers is the owner of the following design patents issued by the United States Patent and Trademark Office: U.S. Patent Nos. D599,999 for the "Bailey Button Single" boot (registered on September 15, 2009) and D616,189 for the "Bailey Button Triplet" boot (registered on May 25, 2010) (hereinafter "Bailey Button Design Patents"); and

WHEREAS, Deckers is the owner of the "Bailey Button Trade Dress," which is characterized, inter alia, by: (a) classic suede boot styling made famous by the UGG brand; (b) overlapping of front and rear panels on the lateral side of the boot shaft; (c) curved top edges on the overlapping panels; (d) exposed fleece-type lining edging the overlapping panels and top of the boot shaft; and (e) one or more buttons (depending on the height of the boot) prominently featured on the lateral side of the boot shaft adjacent the overlapping panels, and which characterization is accompanied by the following images:

  

**WHEREAS**, the parties hereto desiring to fully settle all of the claims in this action among the parties to this Final Judgment; and

**WHEREAS**, Defendants have agreed to consent to the below terms of a permanent injunction, IT IS HEREBY ORDERED that:

1. This Court has jurisdiction over the parties to this Final Consent Judgment and has jurisdiction over the subject matter hereof pursuant to 15 U.S.C. § 1121.

2. Defendants and their agents, servants, employees and all persons in active concert and participation with it who receive actual notice of this Consent Judgment are hereby permanently restrained and enjoined from:

(a) Manufacturing, purchasing, producing, distributing, circulating, selling, offering for sale, importing, exporting, advertising, promoting, displaying, shipping, marketing and/or incorporating in advertising or marketing the Disputed Products and/or any other products which infringe upon the Bailey Button Boot Trade Dress and Bailey Button Design Patents;

(b) Delivering, holding for sale, returning, transferring or otherwise moving, storing or disposing in any manner the Disputed Products and/or any other products which infringe upon the Bailey Button Boot Trade Dress and Bailey Button Design Patents;

(c) In any future proceedings between the parties, challenging the validity, enforceability, or Deckers' ownership of the Bailey Button Boot Trade Dress and/or Bailey Button Design Patents, provided that notwithstanding the foregoing

Defendants reserve all other arguments and positions that may be available to them should they be required to defend any design patent and/or trade dress infringement claims by Deckers;

    (d)    Knowingly assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs 2(a) to 2(c) above.

3.    Deckers and Defendants shall bear their own costs and attorneys' fees associated with this action.

4.    The execution of this Consent Judgment shall serve to bind and obligate the parties hereto. However, dismissal with prejudice of this action shall not have preclusive effect on those who are not a party to this action or who are not specifically released in the parties' written settlement agreement, all claims against whom Plaintiff expressly reserves.

5.    The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Consent Judgment, the enforcement thereof and the punishment of any violations thereof. Except as otherwise provided herein, this action is fully resolved with prejudice.

**IT IS SO ORDERED.**

DATED: January 5, 2015

                                        Hon. George H. Wu
                                        **United States District Judge**